David J. Habib, Jr. - SBN 61377
Attorney at Law
2835 Townsgate Road
Suite 102
Westlake Village, CA 91361
  telephone: (805)494-7393
  facsimile: (805)379-0345
  email: davidh@habiblaw.com

Attorneys for Plaintiff,
FARSI IMPORT, LLC, aka
FARSI CAFÉ IMPORT, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARSI IMPORT, LLC, aka FARSI CAFÉ IMPORT, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>CYRUS TRADING, LLC, a California limited liability company, and DOES 1 through 20, inclusive,<br><br>    Defendants. | CASE NO.<br><br>COMPLAINT FOR MONETARY DAMAGES AND EQUITABLE RELIEF, FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION<br><br>[15 U.S.C. §1114, §1125] |

Plaintiff FARSI IMPORT, LLC ("FARSI"), aka FARSI CAFÉ IMPORT, LLC, hereby alleges as follows:

### JURISDICTION AND VENUE

1.   This is an action seeking permanent injunctive relief, other equitable remedies, monetary damages, and attorneys' fees based upon several causes of action including intentional infringement of plaintiff's U.S. registered trademark, and unfair competition.   Defendant CYRUS TRADING, LLC ("CYRUS"), is knowingly directing its unlawful behavior at plaintiff by using plaintiff's federally registered trademark MINOO® (registration no. 5199719), without authorization, in connection with the sale

of goods substantially identical to plaintiff's.  The harm from these unlawful acts is occurring in the State of California, and more specifically in the Central District of California.

2.    This Court has subject matter jurisdiction over this lawsuit pursuant to 15 U.S.C. §§ 1121 and 1125(a) and 28 U.S.C. §§1331, 1338, and 1367, and pursuant to the Court's pendent jurisdiction.

3.    This Court has jurisdiction over defendant CYRUS because, inter alia, said defendant has purposefully directed its unlawful behavior at a California company, plaintiff FARSI, with full knowledge that plaintiff FARSI is a California based company and the harm would be suffered in the state of California.

4.    This Court has jurisdiction over defendants because, inter alia, defendant CYRUS, and, on information and belief the DOE defendants, maintain offices in the state of California and conduct business in the state of California and the Central District of California.

5.    This Court has personal jurisdiction over defendant CYRUS because, inter alia, said defendant conducts business in the State of California, including the Central District, through its advertising and sales to customers located in California, including the Central District, transacts business in this judicial district, and has committed acts in this judicial district upon which the claims asserted in this lawsuit are based.

6.    Venue is proper in the Central District of California pursuant to 28 U.S.C. §§1391(b), (c).

**THE PARTIES**

7.    Plaintiff FARSI is a California limited liability company, and maintains offices at 1916 Westwood Boulevard, Los Angeles, CA 90025.

8.    On information and belief, defendant CYRUS TRADING, LLC ("CYRUS"), is a California limited liability company, and maintains offices at 1870 16th Street, Unit L-212, Newport Beach 92663.

9.    The true names, identities and/or capacities, whether individual, associate, corporate or otherwise of DOES 1 through 10, inclusive, are unknown to plaintiff FARSI, who therefore sues said defendants by fictitious names.  Plaintiff is informed and believes, and thereupon alleges, that each of the defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred herein.  When the true name, identity and capacity of each such fictitiously designated defendant is ascertained, plaintiff will ask leave of this Court to amend this Complaint to insert said true names, identities, and capacities, together with proper charging allegations.

**FACTUAL ALLEGATIONS**

10.    Plaintiff is owner of United States federal trademark Registration No. 5199719 for the mark MINOO® in International Class 030, for "Biscuits; Cakes; Candies; Chocolate and chocolates; Cookies; Pretzels; Syrup for flavoring food or beverages; Toffee; Wafers".

11.    Plaintiff's trademark has been in use in commerce since 2010, and said trademark registration is valid, subsisting, and in full force and effect.  A true and correct copy of plaintiff's

1  Certificate of Registration of said trademark is attached as
2  Exhibit "1" hereto.

3       12.  Plaintiff's ownership of its said federal trademark
4  registration entitles it to a legal presumption of (a) the
5  validity of the mark, (b) plaintiff's ownership of the mark, and
6  (c) plaintiff's exclusive right to use the mark nationwide on or
7  in connection with the goods or services listed in the
8  registration.

9       13.  Plaintiff expends significant resources and takes
10 appropriate measures to promote its goods bearing the trademark
11 MINOO®.  As a result, consumers have come to associate
12 plaintiff's said trademark with goods sold exclusively by
13 plaintiff.

14      14.  In or about late June 2017, plaintiff obtained copies
15 of an invoice dated April 2017, accompanying product packaging,
16 and an Ocean Bill of Lading, all indicating that defendant CYRUS
17 was importing goods bearing the mark "MINOO" through the Port of
18 Los Angeles, and selling such goods to consumers in the State of
19 California, and more specifically in the Central District of
20 California.

21      15.  By letter dated July 26, 2017, Vector IP Law Group,
22 Washington, D.C., counsel for plaintiff, sent defendant CYRUS a
23 letter enclosing copies of plaintiff's above-mentioned
24 Certificate of Registration, and said invoice and product
25 packaging, demanding CYRUS discontinue any further use of the
26 mark "MINOO" or any variation thereof in any manner likely to
27 cause confusion with plaintiff's trademark.  Vector's letter
28 requested that CYRUS respond within 10 business days.  As of the

4

date hereof, no response has been received.

16. On August 9, 2017, Vector IP Law Group, on behalf of plaintiff, sent defendant CYRUS an electronic mail (i.e., "email") message, urging CYRUS to consult counsel and to respond to Vector's above-mentioned letter of July 26th within 10 business days. As of the date hereof, no response has been received.

17. On or about August 12, 2017, plaintiff obtained copies of another invoice, dated August 10, 2017, and accompanying product packaging, indicating that defendant CYRUS was continuing to sell goods bearing the mark "MINOO" to consumers in the State of California and more specifically in the Central District of California.

18. On August 14, 2017, Vector IP Law Group, on behalf of plaintiff, sent defendant CYRUS another email message, attaching copies of CYRUS' August 10th invoice and accompanying packaging, and informing CYRUS that its continued failure to cease and desist use of the mark "MINOO" would precipitate legal action. As of the date hereof, no response has been received, and plaintiff is informed and believes and thereupon alleges that defendant CYRUS is continuing its unlawful use of plaintiff's registered trademark.

19. On September 15, 2017, plaintiff's counsel of record herein telephoned the office of defendant CYRUS and attempted to engage in a discussion with a principal of the company. The person who answered defendant's telephone number confirmed counsel had reached CYRUS TRADING, LLC, but refused to identify himself or provide any other information or allow counsel to speak with any other person.

20. Plaintiff is informed and believes, and thereupon alleges, that the invoices, product packaging, and Bill of Lading described above reflect only a fraction of the documents, facts, and circumstances evidencing defendant CYRUS' unauthorized use and infringement of plaintiff's registered trademark MINOO®, and that a reasonable investigation and inquiry will disclose additional evidence of CYRUS' said unlawful conduct.

21. Plaintiff is further informed and believes, and thereupon alleges, that defendant CYRUS' acts and omissions described above reflect its intention to knowingly, unlawfully, and maliciously engage in unfair and unlawful competition with plaintiff by, inter alia, continuing its unauthorized use of plaintiff's registered trademark.

**COUNT I**

**STATUTORY FEDERAL TRADEMARK INFRINGEMENT**

**15 U.S.C. §1114**

22. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 21 above as though fully set forth herein, and makes the following allegations on information and belief.

23. Defendant is actively marketing and selling food products in California under the name "MINOO", in direct violation of plaintiff's registered trademark MINOO®. In addition to the invoices, Ocean Bill of Lading, and product packaging described above, plaintiff is informed and believes defendant CYRUS' unlawful conduct is further evidenced by postings on the website "IMPORT GENIUS" (i.e., https://www.importgenius.com/importers/cyrus-trading-ltd).

1      24.  Plaintiff is informed and believes and thereupon
2  alleges that defendant CYRUS' conduct described above has caused
3  confusion and mistake, and deceived customers as to the origin,
4  source, and/or sponsorship of its goods and services, and created
5  the false impression that its goods and services are authorized,
6  sponsored, endorsed, or licensed by, or affiliated with,
7  plaintiff.

8      25.  Plaintiff is informed and believes and thereupon
9  alleges that defendant CYRUS' conduct described above, if not
10 enjoined, is likely to continue to cause confusion and mistake,
11 and to deceive customers as to the origin, source, or sponsorship
12 of its goods and services, and is likely to create the false
13 impression that its goods and services are authorized, sponsored,
14 endorsed, or licensed by, or affiliated with, plaintiff.

15     26.  Defendant CYRUS' conduct is willful and in bad faith,
16 and with full knowledge that it has no right, license, or
17 authority to use the trademark MINOO®, or any other designation
18 similar thereto, and that its use infringes plaintiff's
19 registered trademark.

20     27.  Defendant CYRUS' conduct is intended to reap the
21 benefit of the goodwill that FARSI has amassed in the market for
22 the trademark MINOO®, and constitutes infringement of plaintiff's
23 federally registered trademarks in violation of §32(1) of the
24 Lanham Act, 15 U.S.C. §1114(1).

25     28.  Defendant CYRUS' unauthorized use of plaintiff's
26 registered trademark MINOO® in connection with U.S. commerce, has
27 caused and is causing substantial irreparable harm to the
28 goodwill associated with plaintiff's federally registered

trademark, and will continue to damage plaintiff and deceive consumers unless enjoined by this Court.

29. Plaintiff is informed and believes and thereupon alleges that defendant CYRUS' unauthorized use of plaintiff's registered trademark MINOO® has diverted sales rightfully intended for plaintiff, and will continue to do so unless and until enjoined, thus causing plaintiff financial damage in amounts to be proved at trial.

30. Plaintiff has no adequate remedy at law to address the continued financial damage and harm to its reputation and goodwill caused by defendant CYRUS' continued unauthorized use in commerce of plaintiff's trademark.

## COUNT II

### FEDERAL COUNTERFEITING

### 15 U.S.C. §1114(1), §1116(d)

31. Plaintiff FARSI hereby incorporates by reference each and every allegation contained in paragraphs 1 through 30 above as though fully set forth herein.

32. Plaintiff FARSI is the owner of the U.S. federally registered trademark MINOO®, reg. no.: 5199719.

33. Defendant CYRUS has offered to sell and has sold goods and services in California using an identical mark, i.e., "MINOO", without authorization or permission from plaintiff.

34. On information and belief, defendant CYRUS's use of the mark "MINOO" is a spurious and intentional act to benefit from the goodwill, popularity, reputation, and demand for goods associated with plaintiff's trademark MINOO®.

35. Defendant CYRUS is currently aware, and has at all

1   times relevant to this action been aware, that the trademark
2   MINOO® is owned by Plaintiff FARSI, and that defendant CYRUS does
3   not have plaintiff's authorization or consent to use plaintiff's
4   said trademark.

5       36.  Plaintiff FARSI has no adequate remedy at law to
6   address the continued harm to its reputation and goodwill caused
7   by defendant CYRUS's continuous sale and offer for sale of goods
8   bearing a counterfeit and infringing mark.

9                           **COUNT III**

10                **FEDERAL UNFAIR COMPETITION**

11                      **15 U.S.C. §1125**

12      37.  Plaintiff FARSI hereby repeats and incorporates by
13   reference the allegations contained in paragraphs 1 through 36
14   above as if fully set forth herein.

15      38.  The conduct of Defendant CYRUS is likely to cause
16   confusion, to cause mistake and/or to deceive consumers as to the
17   origin, source, and/or sponsorship of the services provided by
18   Defendant CYRUS, and is likely to create the false impression
19   that such services are authorized, sponsored, endorsed, licensed
20   by, and/or affiliated with plaintiff FARSI, owner of the
21   trademark MINOO®, and is generally unfair and deceptive.

22      39.  The conduct of defendant CYRUS constitutes unfair
23   competition, false designation of origin, false advertising,
24   false representation of fact, and false description, in violation
25   of, inter alia, §42(a) of the Lanham Act, 15 U.S.C. §1125(a).

26      40.  Defendant CYRUS' unauthorized use in U.S. commerce of a
27   mark that is confusingly similar to plaintiff's trademark MINOO®,
28   has caused and is causing substantial irreparable harm to

9

plaintiff FARSI and plaintiff's federally registered trademark, and will continue to damage plaintiff and deceive consumers unless enjoined by this Court.

41. Plaintiff is informed and believes defendant CYRUS has had and continues to have a bad faith intention to profit from its unauthorized use of plaintiff's registered trademark, in violation of, inter alia, 15 U.S.C. §1125(d).

42. Plaintiff FARSI has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by defendant's continued use of a mark in commerce that is confusingly similar to plaintiff's trademark, MINOO®.

### COUNT IV

### COMMON LAW TRADEMARK INFRINGEMENT

43. Plaintiff FARSI repeats and incorporates by reference the allegations contained in paragraphs 1 through 42 above as if fully set forth herein.

44. Plaintiff FARSI has been using its trademark MINOO® to sell goods via its website http://www.farsicafelosangeles.com/ since at least as early as August 2016.

45. Plaintiff's said trademark is inherently distinctive. Therefore, common law trademark rights vested with plaintiff as soon as plaintiff began using the trademark in U.S. commerce.

46. With full knowledge of plaintiff's trademark, defendant CYRUS subsequently began using an identical trademark in U.S. commerce in conjunction with identical or substantially similar goods.

47. On information and belief, the conduct of defendant CYRUS has caused and is likely to continue causing confusion and

1  mistake, deceiving customers as to the origin, source, or
2  sponsorship of defendant's goods and services, and is likely to
3  create the false impression that defendant's goods and services
4  are authorized, sponsored, endorsed, licensed by, and/or
5  affiliated with plaintiff FARSI.

6    48.  On information and belief, defendant CYRUS had actual
7  knowledge of plaintiff FARSI's exclusive rights in its trademark
8  MINOO® prior to said defendant using an identical mark in U.S.
9  commerce.

10    49.  Defendant CYRUS continued to use an identical mark in
11  U.S. commerce after it had actual knowledge of plaintiff FARSI's
12  exclusive rights in its trademark MINOO®.

13    50.  The conduct of defendant CYRUS is willful and
14  malicious, in bad faith, and with full knowledge that it has no
15  right, license or authority to use plaintiff's trademark or any
16  other designation similar thereto.

17    51.  The conduct of defendant CYRUS is intended to reap the
18  benefits of the goodwill that plaintiff has created in its
19  trademark, and constitutes an infringement of plaintiff's
20  trademark MINOO®.

21    52.  Because defendant CYRUS is using the mark "MINOO" in
22  connection with virtually identical goods sold by plaintiff, said
23  defendant has caused and is causing substantial irreparable harm
24  to the distinctiveness and goodwill associated with plaintiff's
25  common law trademark, and will continue to deceive customers and
26  damage plaintiff unless enjoined by this Court.

27    53.  Plaintiff has no adequate remedy at law to address the
28  continued harm to its reputation and goodwill caused by Defendant

1   CYRUS's continued use of the trademark MINOO in U.S. commerce.

2                              **COUNT V**

3                 **COMMON LAW UNFAIR COMPETITION**

4       54.  Plaintiff FARSI repeats and incorporates by reference

5   the allegations contained in paragraphs 1 through 53 above as if

6   fully set forth herein.

7       55.  The unlawful conduct of defendant CYRUS is likely to

8   continue to cause confusion, to cause mistake and deceive

9   consumers as to the origin, source, or sponsorship of goods

10  provided by said defendant in connection with the trademark

11  MINOO, and is likely to create the false impression that goods

12  provided by defendant CYRUS are sponsored by or affiliated with

13  plaintiff.

14      56.  Defendant CYRUS' conduct constitutes unfair competition

15  in violation of the common law of California and other states.

16      57.  Defendant CYRUS' conduct is willful and malicious, in

17  bad faith, and with full knowledge that said defendant has no

18  right, license and/or authority to use the mark "MINOO", or any

19  other designation confusingly similar thereto.

20      58.  Because defendant CYRUS is using the mark "MINOO" in

21  connection with the sale or offer for sale of substantially

22  identical goods, said defendant has caused and is causing

23  substantial irreparable harm to plaintiff, and will continue to

24  damage plaintiff and deceive the consuming public unless

25  restrained and permanently enjoined by this Court.

26      59.  Plaintiff FARSI has no adequate remedy at law to

27  address the continued harm to its reputation and goodwill caused

28  by defendant CYRUS's continued unfair business practices.

1  **COUNT VI**

2  **CALIFORNIA UNFAIR COMPETITION**

3  **(Cal. Bus. & Prof. Code §17200)**

4      60.  Plaintiff FARSI repeats and incorporates by reference

5  the allegations contained in paragraphs 1 through 59 above as if

6  fully set forth herein.

7      61.  Defendant CYRUS' unlawful conduct, as alleged above,

8  constitutes unfair, unlawful, and fraudulent business practices,

9  in violation of California Business and Professions Code §17200,

10 et seq.

11     62.  The wrongful acts of defendant CYRUS proximately caused

12 and will continue to cause substantial injury to plaintiff,

13 including confusion of potential customers, injury to plaintiff's

14 reputation, and diminution of the value of plaintiff's federally

15 registered trademark MINOO®.    These actions are causing

16 irreparable harm and injury to plaintiff, in an amount not

17 presently ascertained, and will continue to cause such harm and

18 injury if said defendant's acts continue.

19     63.  As a direct and proximate result of the wrongful acts

20 of defendant CYRUS, plaintiff FARSI has been damaged, and is

21 entitled to injunctive relief and restitution in an amount proven

22 at trial.    The acts of said defendant, described herein,

23 irreparably injure plaintiff's business, reputation and goodwill,

24 and will continue to do so unless restrained and permanently

25 enjoined by this Court.

26     64.  Plaintiff FARSI has no adequate remedy at law to

27 address the continued harm to its reputation and goodwill caused

28 by defendant CYRUS's continued, unlawful use of a mark in

13

1  commerce that is identical to, and therefore confusingly similar

2  to, plaintiff's federally registered trademark MINOO®.

3      65.  In addition to the injunctive relief prayed for,

4  plaintiff requests a monetary award requiring defendant to

5  disgorge and remit to plaintiff any benefits, sums or amounts it

6  has received in direct or indirect consequence of its use of

7  plaintiff's registered trademark MINOO®, in order to prevent

8  defendant from being unjustly enriched.

9                        **PRAYER FOR RELIEF**

10     WHEREFORE, Plaintiff FARSI respectfully requests the

11 following relief;

12     A.  A permanent injunction prohibiting defendant CYRUS, its

13 officers, directors, agents, principals, divisions,

14 representatives, servants, employees, associates, subsidiaries,

15 affiliates, attorneys, successors and assigns, and all persons

16 acting by, through, under or in active concert or in

17 participation with, or controlled, either directly or indirectly,

18 by, any of them, from using the trademark MINOO®, or any

19 confusingly similar variation thereof, as, or as a component of,

20 a trademark, trade name or otherwise, in connection with the

21 advertising, promoting, marketing, offering, or selling of

22 similar goods in the United States, and from otherwise infringing

23 U.S federal trademark Registration No. 5199719;

24     B.  An accounting for all profits acquired by defendant

25 CYRUS through sales of goods or services made in conjunction with

26 the unlawful use of U.S. federal trademark Registration No.

27 5199719;

28     C.  An award of $250,000 for damage to the goodwill and

                                14

reputation of plaintiff's federally registered trademark MINOO®, reg. no. 5199719;

　　　　D.　　An award of treble damages in accordance with 15 U.S.C. §1117(b) (1) or other enhanced monetary remedies as deemed appropriate by this court;

　　　　E.　　An award of statutory damages in accordance with 15 U.S.C. §1117(c) (2) of $200,000 per counterfeit mark per type of product sold, offered for sale, or distributed;

　　　　F.　　An award of attorneys' fees and cost incurred by plaintiff in this matter; and

　　　　G.　　Such further relief as the Court may deem just and appropriate.

DATED: October _____, 2017

                    DAVID J. HABIB, JR.




                    Attorneys for Plaintiff,
                    FARSI IMPORT, LLC, aka
                    FARSI CAFÉ IMPORT, LLC

Exh. 1

# United States of America

## United States Patent and Trademark Office

# MINOO

**Reg. No. 5,199,719**

**Registered May 09, 2017**

**Int. Cl.: 30**

**Trademark**

**Principal Register**

Farsi Cafe Import, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
1916 Westwood Blvd.
Los Angeles, CA 90025

CLASS 30: Biscuits; Cakes; Candies; Chocolate and chocolates; Cookies; Pretzels; Syrup for flavoring food or beverages; Toffee; Wafers

FIRST USE 3-31-2010; IN COMMERCE 3-31-2010

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

The English translation of "MINOO" in the mark is "heaven" or "paradise."

SER. NO. 87-194,382, FILED 10-05-2016
SAMUEL ROBERT PAQUIN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

EXHIBIT 1
16